UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TASHA HODGES,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA SCHOOL OF MINES AND TECHNOLOGY,<br><br>Defendant. | **CIV. 5:22-5011-LLP**<br><br>**MEMORANDUM OPINION AND ORDER GRANTING IN PART MOTION TO AMEND, DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS AND ORDERING ADDITIONAL BRIEFING** |

Pending before the Court is Defendant South Dakota School of Mines and Technology's ("School of Mines") Motion for Judgment on the Pleadings, (Doc. 11), and Plaintiff Tasha Hodges' ("Ms. Hodges") Motion to Amend, (Doc. 16). For the following reasons, Plaintiffs' Motion to Amend is granted and Defendants' Motion for Judgment on the Pleadings is denied with respect to all of Plaintiff's claims but for her Fair Labor Standards Act ("FLSA") claim. The Court has ordered additional briefing on the issue raised by the School of Mines regarding Plaintiff's FLSA claim.

## BACKGROUND

### A. Facts and Claims

On January 28, 2022, Plaintiff Tasha Hodges ("Ms. Hodges") filed a complaint against Defendant South Dakota School of Mines and Technology ("School of Mines"). Therein, Ms. Hodges alleges that she was a student in the Civil Engineering PhD program at the School of Mines from 2015 to December 2019. (Doc. 1, ¶ 32). Ms. Hodges was employed by the School of Mines as a part time research scientist from May 22, 2019 to March 22, 2020. (Doc. 1, ¶ 6). She worked full time in this position from March 22, 2020 until she was allegedly wrongfully terminated on June 19, 2020. (Doc. 1, ¶ 6). During that time, Ms. Hodges alleges that the School of Mines discriminated against her based on her sex, retaliated against her for bringing the unwanted discriminatory practices to the attention of her supervisors, and terminated her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-2(a) and 2000e-

3(a), and in violation of Title IX of the Education Act as amended, 20 U.S.C. § 1681, et seq. (Doc. 1), and South Dakota Codified Law Ch. 20-13.

Further, Ms. Hodges alleges that the School of Mines failed to pay her wages she earned as an hourly worker under state wage laws (SDCL § 60-11-9) and failed to pay her overtime pay as required under the Fair Labor Standards Act of 1938 as amended ("FLSA"), 29 U.S.C. § 201, et seq., and then retaliated against her and terminated her for bringing the pay discrepancies to the attention of her supervisor in violation of both the FLSA and South Dakota Codified Law § 60-11-17.1.

The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1331 as her Title VII, Title IX, and FLSA claims arise under federal law. The Court has supplemental jurisdiction over Ms. Hodges' state law wage and reprisal claims under 28 U.S.C. § 1367.

**B. Procedural History**

Ms. Hodges filed a formal discrimination charge of discrimination with the U.S. Equal Employment Opportunity Commission ("the EEOC") and received a Notice of Right to Sue on January 25, 2022. (Doc. 1, ¶ 5). On January 28, 2022, Ms. Hodges filed her complaint against Defendant the School of Mines in the United States District Court with the District of South Dakota, Western Division. (Doc. 1).

A summons was issued as to the School of Mines and its registered agent, Lana Thom, on January 28, 2022, (Doc. 2), and the School of Mines was served on February 3, 2022, (Doc. 3). The School of Mines filed its Answer to the Complaint on March 3, 2022. (Doc. 8). In its Answer, the School of Mines asserted, among other things, that Ms. Hodges' Complaint was barred by the statute of limitations and that she did not serve a copy of the summons and Complaint on the governor and attorney general in accordance with SDCL § 15-6-4(d)(5) and Fed. R. Civ. P. 4(j)(2)(A), (B). (Doc. 8, ¶ 3). In its Answer, the School of Mines also asserts that it is not the real party in interest and lacks capacity to be sued under Fed. R. Civ. P. 17 and that Ms. Hodges' Complaint is barred by sovereign immunity. (Doc. 1).

On May 12, 2022, the School of Mines filed a Motion for Judgment on the Pleadings. (Doc. 11). In support of its motion, the School of Mines argues that it lacks the capacity to be sued under Fed. R. Civ. P. 17(b)(3); that it has not waived its immunity to suit under South Dakota law.

(Doc. 12 at 64-67). The School of Mines argues that public universities such as the School of Mines are under the control of the South Dakota Board of Regents and that the proper defendant is therefore the South Dakota Board of Regents. (Doc. 12 at 64-67). In the alternative, the School of Mines argues that the complaint must be dismissed because Ms. Hodges failed to effectuate proper service on the School of Mines under Rule 4(j) of the Federal Rules of Civil Procedure. (Doc. 12 at 67). Specifically, the School of Mines argues that that Ms. Hodges was required to, but failed in effectuating service upon the School of Mines' chief executive officer or South Dakota's governor and attorney general as required under Rule 4(j) and SDLC § 15-6-4(d)(5). The School of Mines argues that more than 90 days have passed since the filing of her Complaint, that Ms. Hodges was put on notice in the School's March 3, 2022, Answer that she had failed to effectuate proper service of process, and that good cause therefore does not exist to extend the time for service beyond the 90-day deadline provided under Rule 4(m) of the Federal Rules of Civil Procedure. In the event the Court finds that that Ms. Hodges served the correct party, the School of Mines argues in its Motion for Judgment on the Pleadings that Ms. Hodges' FLSA claim alleging that the School of Mines violated the FLSA by its failure to pay her overtime in 2019 fails a matter of law because she was a professionally exempt employee during that time frame. (Doc. 12 at 70). Defendant's Motion for Judgment on the Pleadings is presently pending before the Court.

On May 13, 2022, Ms. Hodges filed a Request for Summonses to the South Dakota School of Mines, a state institution under the control of the Board of Regents, care of the Attorney General and South Dakota Governor Kristi Noem. (Doc. 13). On May 23, 2022, new summonses were issued pursuant to Ms. Hodges' May 13, 2022 request. (Doc. 15). On May 27, 2022, Ms. Hodges filed a Motion to Amend/Correct Complaint and for an Extension of Time for Service of Process. (Doc. 16). The Governor and the Attorney General were served the summonses and complaint that same day—May 27, 2022. (Docs. 19, 20). Ms. Hodges' Motion to Amend is presently pending before the Court.

## STANDARD OF REVIEW

A timely[1] motion to amend a party's pleadings is ordinarily governed by Rule 15 of the Federal Rules of Civil Procedure.  When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure, amendment is allowed "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Although leave to amend the complaint it typically freely given, whether to permit amendment of the complaint or addition of parties is committed to the court's discretion.  *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)); *see* Fed. R. Civ. P. 15(a)(2).

A court may deny a motion for leave to amend if there has been undue delay, bad faith, or dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.  *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005).  A proposed amendment to a pleading may be denied as "futile" if it could not withstand a Rule 12(b)(6) motion to dismiss.  *Cornelia I. Crosswell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008); *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007).

A limitations defense may be asserted in a motion to amend "when it appears from the face of the complaint[2] itself that the limitation period has run."  *See Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004) (internal quotations and citation omitted); *see also Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004) (holding that the proposed amendment was futile because even if amended, the proposed claim would still be time-barred).  In determining whether a statute of limitations defense is apparent on the face of the complaint, a court is limited to the materials properly before it on a motion to dismiss, which, in addition to the complaint, may include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  *Miller v. Redwood*

---

[1]    Plaintiff's Motion to Amend complaint is timely as it was filed May 27, 2022 and the Court has not yet entered a Rule 16 Scheduling Order.

[2]    Statutes of limitation provide an affirmative defense that may be either asserted or waived, and if asserted, must be proved by the defendant. *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008) ("Bar by a statute of limitation is typically an affirmative defense, which the defendant must plead and prove."); Fed. R. Civ. P. 12(h)(1). Thus, as a general rule, a plaintiff has no duty to anticipate affirmative defenses and is thus not ordinarily required to plead avoidance of a limitation bar. *See Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 601 n.10 (8th Cir. 2009) ("[A] plaintiff need not plead facts responsive to an affirmative defense before it is raised.").

4

*Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1357 (3d ed. 2004)); *see Noble Sys. Corp. v. Alorica Cent.,* LLC, 543 F.3d 978, 983 (8th Cir. 2008) ("Although our cases require the defense to be apparent on the face of the complaint, this means simply that the district court is limited to the material properly before it on a motion to dismiss. . . ."). In addition, a court must accept all well-pleaded factual allegations in the complaint as true and draw all inferences in favor of the nonmovant. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The party opposing the amendment bears the burden of proving that some reason exists to deny leave to amend. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001).

### DISCUSSION

The School of Mines urges the Court to deny Ms. Hodges' Motion to Amend on the basis of futility. The School of Mines argues that the statute of limitations has passed on her claims and that Ms. Hodges' claims do not relate back to the initiation of the lawsuit against the School of Mines.

### I.    Relation Back of Federal Claims

With regard to her federal claims, the parties focus on the statute of limitations applicable to Ms. Hodges' Title VII claims alleging sexual discrimination. A plaintiff is barred from filing a lawsuit in this Court under Title VII unless he or she does so within ninety days of receiving a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See Fort Bend County, Texas v. Davis*, 139 S.Ct. 1843, 1847 (2019); *Hales v. Casey's Marketing Co.*, 886 F.3d 730, 736 (8th Cir. 2018) ("This ninety-day period constitutes a limitations period that bars a suit that is not filed within that time."). The Court notes that Ms. Hodges has also pleaded claims under of Title IX of the Education Act as amended, 20 U.S.C. § 1681, et seq., and the Fair Labor Standards Act ("FLSA"). The statute of limitations on a FLSA claim is generally two years and on a Title IX claim is three years. *See* 29 U.S.C. § 255(a) (providing that FLSA claims must be "commenced within two years after the cause of action accrued," unless the violation was "willful"); *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) (stating that the state statute of limitations for personal injury apply to Title IX claims); SDCL § 15-2-15 (providing a 3-year statute of limitations on personal injury actions). Ms. Hodges argues that the Court should grant it leave to amend to substitute the Board of Regents as the defendant in this matter. She does not

5

appear to contest that the statute of limitations has passed on her claims, but argues that under Rule 15(c) of the Federal Rules of Civil Procedure and under SDCL § 15-6-15(c), her claims relate back to initiation of this lawsuit.

Rule 15(c) of the Federal Rules of Civil Procedure govern when an amended pleading "relates back" to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). Where an amended pleading changes a party or a party's name, the Rule requires that the amended pleading meet the following three requirements: (1) the claim or defense asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set out in the initial complaint, (2) within 90 days after the original complaint was filed, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) upon receiving notice, the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(c); 4(m). *Heglund v. Aitkin County*, 871 F.3d 572, 578-79 (8th Cir. 2017). When those conditions are satisfied, the amended complaint is treated as if it were filed on the date of the original complaint. *Id.* at 579.

Defendant does not appear to contest that Ms. Hodges has met the first two prongs of the relation-back test and focuses its objection on the third prong of the test—whether the Board of Regents "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." (Doc. 25 at 223). Since a plaintiff bears the burden of proof to show that an amended pleading relates back, the Court will briefly address prongs one and two of the relation-back test before analyzing in more detail the School of Mines' objection as it relates to the third prong of the test. *See, e.g., Dodson v. Hillcrest Sec. Corp.*, 95 F.3d 52 (5th Cir. 1996) ("While [the defendant] had the burden on summary judgment of presenting evidence sufficient to prove its statute of limitations defense, [the plaintiff] had the burden of proof to rebut the statute of limitations ground by relation back under Rule 15(c)."); *Covey v. Assessor of Ohio Cty.*, 666 F.App'x. 245, 248 (4th Cir. 2016) (citing *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1200 (4th Cir. 1989)) (same).

### A. Same transaction or occurrence

The first prong of the relation-back test requires that the claim or defense asserted in the amended complaint arise out of the same conduct, transaction, or occurrence set out in the initial complaint. Fed. R. Civ. P. 15(c). The Court concludes the proposed amended complaint satisfies the first prong of the test because the alleged liability of the Board of Regents is based on the same factual allegations and causes of action asserted by Ms. Hodges against the School of Mines in the original complaint.

### B. Notice & prejudice

The second prong of the relation-back test requires that within 90 days after the original complaint was filed, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(c). Courts interpreting Rule 15(c) of the Federal Rules of Civil Procedure state that notice may be either actual or constructive[3]. Ms. Hodges argues that the Court can infer that the Board of Regents had actual notice of this action. First, Ms. Hodges points out that it is clear from exhibits submitted in support of her Motion to Amend that the Board of Regents was made aware of the alleged harassing behavior of Dr. Lingaman at an early juncture and that the Board of Regents had been in communication with the School of Mines about these issues. Second, Ms. Hodges argues that "[u]pon information and belief, [the School of Mines] coordinated with the Board of Regents to select and pay for its defense counsel; to formulate its detailed Answer; and to [ ] assert the affirmative defense that [the School of Mines] lacks the capacity to be sued." (Doc. 17 at 96). Ms. Hodges contends that she

---

[3]      Federal courts have found sufficient constructive notice for Rule 15(c) purposes in four distinct factual settings. *Asarco LLC v. NI Indus., Inc.*, 106 F. Supp. 3d 1015, 1035 n.11 (E.D. Mo. 2015); *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 129-30 (D.R.I. 2004). First, there may be constructive notice if an authorized employee does not reject a summons naming a non-existent party. *Id.* Second, there may constructive notice if the original complaint alleges that the new defendant committed the alleged acts and is an official of one of the original defendants. *Id.* Third, a new defendant may have constructive notice if he or she retains the same attorney as an original defendant and that attorney should have known that the new defendant would be added to the existing lawsuit. *Id.* Fourth, a court may find constructive notice if the original and newly named defendants share an "identity of interests." *Id.*; *see also Heil v. Belle Starr Saloon & Casino, Inc.*, Civ. No. 09-5074, 2011 WL 13353217, at *12 (D.S.D. Aug. 12, 2011) (J. Duffy). The "identity of interests" test only applies if the original and newly-named defendants are "so closely related in business or other activities and their interests are sufficiently aligned that it is fair to presume that the new defendants learned of the institution of the action from the original defendants." *Id.*; *see also Heil*, 2011 WL 13353217, at *12 (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure*, § 1499 (2010)).

will be submitting a short set of discovery requests to the School of Mines to confirm the facts of this paragraph. (Doc. 17 at 96, n.9).

Ms. Hodges argues furthermore that "even without specific proof as to those underlying facts, the Board of Regents is deemed by law to have actual notice of this lawsuit, due to the law of agency." (Doc. 17 at 96). The School did not address this argument in its opposition brief. In fact, the School of Mines does not appear to contest at all that it lacked the requisite notice—only that Ms. Hodges did not make a mistake concerning the proper defendant's identity.

### 1. Agency Relationship

The Court will first address Ms. Hodges' argument that the Board of Regents is deemed by law to have actual notice of this lawsuit due to the law of agency. SDCL § 59-6-5 provides "[a]s against a principal, both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." *Ghilchrist v. Trail King Indus., Inc.*, 655 N.W.2d 98, 102-03 (S.D. 2002). "This statute presumes that an agent will relay to the principal all information that he or she acquires." *Id.* at 103. The fact the knowledge was not actually communicated to the principal will not prevent operation of the general rule. *Aetna Life Ins. Co. v. McElvain*, 363 N.W.2d 186, 189 (S.D. 1985).

The School of Mines alleges that she received notice of her right to sue on January 25, 2022, and she filed her Complaint against the School of Minees on January 28, 2022—within the 90-day deadline. (Doc. 1, ¶ 5). The question whether the School's notice may be imputed to the Board of Regents depends on whether an agency relationship exists between the two entities. Under South Dakota law, "[a]gency is the representation of one called the principal by another called the agent in dealing with third persons." *Kasselder v. Kapperman*, 316 N.W.2d 628, 630 (S.D. 1982) (citing SDCL § 59-1-1). The party claiming that an agency relationship exists has the burden to prove the existence of the relationship. *Id.*

To determine whether an agency relationship exists, the court examines "the relations of the parties as they exist under their agreement or acts." *Id.* "Actual agency exists when a principal and agent expressly agree to enter into an agency relationship." *A.P. & Sons Constr. v. Johnson*, 657 N.W.2d 292, 297 (S.D. 2003); SDCL § 59-1-4 ("Agency is actual when the principal appoints the agent."). To demonstrate the existence of an actual agency relationship, a party must show the

8

following elements: "(1) manifestation by the principal that the agent shall act for him, (2) the agent's acceptance of the undertaking, and (3) the understanding of the parties that the principal is to be in control of the undertaking." *A.P. & Sons*, 657 N.W.2d at 297. Ms. Hodges argues that because the School of Mines avers and South Dakota state law affirms under SDCL § 13-60-1 that it is under the "control" of the Board of Regents, an agency relationship exists between the School of Mines and Board of Regents with the School of Mines acting as agent, and the Board of Regents as its principal. (Doc. 17 at 96).

The existence of an agency relationship is usually a question of fact. *Zee v. Assam*, 336 N.W.2d 162, 164 (S.D. 1983). At the pleading stage, the requisite "evidence of agency" necessary to survive a motion to dismiss is "minimal." *ResCap Liquidating Trust v. LendingTree, LLC*, 2020 WL 1317719, at *20 (D. Minn. Mar. 20, 2020). To survive a motion to dismiss, a complaint alleging agency must plead facts that, if proven, establish the existence of an agency relationship. *Willstrop v. Prince Marketing LLC*, 2019 WL 11851138, at *3 (D. Neb. Jul. 1, 2019).

The Court finds that the facts in the proposed amended complaint are sufficient to establish the existence of an agency relationship between the Board of Regents and the School of Mines. Ms. Hodges has alleged that the South Dakota Board of Regents is the controlling entity of the School of Mines and it can be inferred that the Board of Regents has manifested an intent and the School of Mines has agreed to operate the school on behalf of the Board of Regents. *See Glanzer v. St. Joseph Indian School*, 438 N.W.2d 204, 209 (S.D. 1989) (concluding that the plaintiff's agency theory should have survived summary judgment because there existed "[e]vidence of the formation of Dehon [Industries, Inc.] to accomplish St. Joseph's mission, Dehon's acceptance of that role and control of Dehon by St. Joseph's."). The Court cannot say at this stage of the proceedings that Ms. Hodges' Motion to Amend is clearly futile for failure to satisfy the second prong of the relation-back test. Whether Ms. Hodges will ultimately be able to establish an agency relationship is a question of fact not amenable to resolution on a motion to amend.

### 2. Actual Notice

Ms. Hodges argues that the Court can infer that Board of Regents had actual notice of this action. In support of her argument, Ms. Hodges cites to exhibits outside the pleadings showing that the Board of Regents had notice of Ms. Hodges' complaints early on. Counsel for Ms. Hodges also proposes to conduct discovery on whether the Board of Regents received actual notice of the

action. The School of Mines does not object to the Court granting leave to amend on the basis of lack of notice on behalf of the Board of Regents. The Court cannot say that Ms. Hodges' proposed amendment to substitute the Board of Regents as a defendant in this matter is futile for failure to satisfy the second prong of the relation-back test. Ultimately, it will be Ms. Hodges' burden to prove notice and prove that her claims against the Board of Regents relate back.

### C. Mistake

The third prong of the relation-back test requires that Ms. Hodges prove that upon receiving notice, the Board of Regents "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). In *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010), the United States Supreme Court analyzed this third prong of Federal Rule 15(c). In *Krupski*, the plaintiff sought compensation for injuries she suffered on a cruise ship. *Id.* at 541-42. The plaintiff sued the entity, Costa Cruise, who had issued her passenger ticket even though the ticket identified a separate entity, Costa Crociere, as the carrier and the entity that must be provided written notice of the claim. *Id.* at 542-43. The district court allowed the plaintiff to amend her claim to add Costa Crociere as a defendant after the statute of limitations had passed. *Id.* at 544. Costa Crociere then moved to dismiss, contending that the amended complaint did not relate back under Rule 15(c) and was therefore untimely. *Id.* at 544-45. The district court granted Costa Crociere's motion to dismiss on the basis that the plaintiff's failure to name as a defendant a party whose identity the plaintiff knew before the statute of limitations had run was not a "mistake" for relation-back purposes. *Id.* at 545-46. The district court also stated that the plaintiff's several month delay in moving to amend after being informed by Costa Cruise in its answer, corporate disclosure statement, and motion for summary judgment that Costa Crociere was the proper defendant, bolstered its conclusion that plaintiff was aware of the proper defendant and had made no mistake. *Id.*

The Eleventh Circuit affirmed on appeal. *Id.* at 546. The Court of Appeals concluded that because the ticket clearly identified Costa Crociere as the carrier, the plaintiff either knew or should have known of Costa Crociere's identity as a potential party. *Id.* In denying relation-back, the court also found significant the fact that the plaintiff had waited 133 days to amend her complaint from the time she alleged received notice of Costa Crocier's identity. *Id.*

On appeal before the United States Supreme Court, the Court criticized the Eleventh Circuit's focus on the plaintiff's knowledge, stating that "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." *Id.* at 548. The Court stated that "[i]nformation in the plaintiff's possession is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.*

The Supreme Court in *Krupski* stated that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.* The Court defined a mistake as "[a]n error, misconception, or misunderstanding; an erroneous belief." *Id.* at 548-59 (quoting Black's Law Dictionary 1092 (9th ed. 2009)). The Court explained:

> We agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning another party's identity. We disagree, however, with respondent's position that any time a plaintiff is aware of the existence of two parties and chooses to sue the wrong one, the proper defendant could reasonably believe that the plaintiff made no mistake. The reasonableness of the mistake is not itself at issue.

*Id.* at 449. Examining the plaintiff's complaint, the Court found that it "plainly" indicated that the plaintiff misunderstood crucial facts regarding the two companies' identities and what entity was in charge of the ship. *Id.* at 555. The Court noted that the complaint made clear that the plaintiff meant to sue the company that "owned, operated, managed, supervised and controlled" the ship on which she was injured and also indicated (mistakenly) that Costa Crociere performed those roles. *Id.* at 554. In addition, the Court noted that Costa Crociere could not articulate any trial strategy that it believed the plaintiff to be pursuing in suing a defendant (Costa Cruise) that was legally unable to provide relief. *Id.* at 555.

The Court in *Krupski* also held that the fact that the plaintiff waited 133 days from the time she filed her original complaint to seek leave to amend had no bearing on whether the amended complaint related back. *Id.* at 546, 553. The Court stated that while a court may consider "undue delay" or "dilatory motive" in deciding whether to grant leave to amend under Rule 15(a), Rule 15(c) makes clear, that "the speed with which a plaintiff moves to amend her complaint or files an

amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." *Id.* at 553.

The Eighth Circuit Court of Appeals has had a single occasion to examine the *Krupski* Court's analysis of the third prong of the relation-back test. In *Heglund v. Aitkin Cty.*, 871 F.3d 572 (8th Cir. 2017), the plaintiff brought a lawsuit against hundreds of John and Jane Does alleging a violation of 18 U.S.C. § 2724(a) which provides that "[a] person who knowingly obtains, discloses, or uses an individual's personal information from a motor vehicle record for a purpose not permitted is liable to the individual." *Id.* at 576 (quoting 28 U.S.C. § 2724(a)). During discovery, the plaintiff learned the identity of the officer who had accessed the plaintiff's information and moved to amend the complaint to substitute him for a John Doe defendant after the statute of limitations had expired. *Id.* at 576. The district court granted the motion and the officer then moved for summary judgment based on the statute of limitations. *Id.* at 576. The district court granted the officer's motion for summary judgment, concluding that the plaintiff's naming of "John Doe" in the original complaint, rather than the officer, was not a mistake. *Id.* at 576-77.

The plaintiff in *Heglund* appealed. Although the Supreme Court in *Krupski* stated that the primary question in determining relation back under Rule 15(c)(1)(C) is what the prospective defendant "knew or should have known" about the plaintiff's claim against him, on appeal, the Eighth Circuit dismissed the prospective defendant's knowledge as inconsequential considering the plaintiff's deliberate decision to sue John Doe while knowing that he was not a proper defendant. *See id.* at 581 ("Regardless of . . . what [the prospective defendant] knew about whether the plaintiffs would like to have sued him, the [plaintiffs] did not make a 'mistake' in the ordinary sense of the word. . . ."). The *Heglund* court stated that the definition of "mistake" from *Black's Law Dictionary* cited in *Krupski* "implies a lack of intentionality." *Id.* at 580; *see also Gienapp v. Milbrandt*, Civ. No. 18-1014, 2020 WL 730396, at *4 (J. Kornmann) (D.S.D. Feb. 13, 2020) ("The *Heglund* Court further explained that "the difference between a true mistake within the meaning of Rule 15(c) and a lack of knowledge on the part of the plaintiff had to do with the purposefulness with which the plaintiff named the wrong party.") The court in *Heglund* found that the inclusion of "John Doe" by the plaintiff was not an "intentional misidentification," "unintentional error," "inadvertent wrong action" and thus a "mistake," but was used by the plaintiff because, as the

plaintiff had admitted, she lacked knowledge of the prospective defendant's identity. *Id.* at 580. The court held that the plaintiff "did not make a 'mistake' . . . when she intentionally sued 'John Doe' while knowing that he was not the proper defendant" and thus concluded that the plaintiff's claims did not relate back under Rule 15(c). *Id.* at 581.

It is clear that under *Krupski* and *Heglund*, Ms. Hodges' claims against the Board of Regents will not relate back if she sued the School of Mines with full knowledge that it was not the correct defendant. As the Supreme Court stated in *Krupski,* "[w]e agree that making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning another party's identity." 560 U.S. at 549. In *Heglund*, the court stated that the plaintiff did not make a "mistake" when she deliberately sued John Doe while knowing that he was not the proper defendant. 871 F.3d at 581; *see also Gienapp*, 2020 WL 730396 at *4. However, the Court finds that there is no evidence that Ms. Hodges sued the School of Mines will full knowledge that it was not the correct defendant in this case. In fact, all facts point to the contrary.

This Court finds the fact of this case to be very similar to those in *Krupski*. In *Krupski*, the Eleventh Circuit Court of Appeals concluded that because the plaintiff's passenger ticket clearly identified the carrier (the proper defendant in that matter), plaintiff either knew or should have known of the carrier's identity as a potential party to be sued and therefore did not make a mistake concerning the proper defendant's identity. Here, the School of Mines argues that Ms. Hodges was aware or at least should have been aware that the Board of Regents governed the School of Mines and was the proper party to be sued. (Doc. 25 at 226). The School of Mines argues that its position statement to the EEOC indicated that it "is one of six higher education institutions governed by the South Dakota Board of Regents. . . ." (Doc. 18-5). However, as the Supreme Court stated in *Krupski*, "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of [the carrier] as the proper defendant, but whether [the carrier] knew or should have known that it would have been named as a defendant but for an error." 560 U.S. at 548. As in *Krupski*, "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Id.*

It is clear to the Court that Ms. Hodges and her counsel misunderstood crucial facts regarding which entity was the proper defendant in this case. The School of Mines, like the

defendant in *Krupski*, has articulated no trial strategy that Ms. Hodges may have been pursuing in suing a defendant (School of Mines) that has not waived its immunity to suit. This is not a case like *Hegland* where the plaintiff made "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." *Krupski*, 560 U.S. at 549. There is nothing under SDCL Ch. 13-60 that gives the School of Mines the ability to sue or be sued. *B.K. ex rel. Kroupa v. 4-H*, 877 F.Supp.2d 804, 813 (D.S.D. Jul. 2012) ("When the state statute is silent on whether a state entity can sue or be sued, then that entity is not amenable to suit under [Fed. R. Civ. P. 17(b)(3)] and dismissal is appropriate.") (citing *Lundquist v. Univ. of S.D. Sanford Sch. of Med.*, Civ. No. 09-4147, 2011 WL 5326074, at \*5 (D.S.D. Nov. 4, 2011)). Rather, the Board of Regents, which controls the School of Mines, *see* SDCL § 13-60-1, has the power to sue and be sued under SDCL § 13-49-11. *See Lundquist*, 2011 WL 5326074, at \*5. In *Krupski*, the Supreme Court stated that:

> A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose. But repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity.

560 U.S. at 550. Presuming Ms. Hodges is able to prove that the Board of Regents received notice, thus satisfying the second prong of the relation-back test, the Court finds that the Board of Regents knew or knew or should have known that it would have been named as a defendant in this matter but for Plaintiff's mistake. *See* Fed. R. Civ. P. 15(c)(ii).

### D.    Summary

The Court finds that the School of Mines has failed to prove that Ms. Hodges' federal claims against the Board of Regents is barred by the statute of limitations. Leave to amend is granted. Ultimately, it will be Ms. Hodges' burden to prove that within 90 days after the original complaint was filed, the Board of Regents received notice of the action such that it will not be prejudiced in defending on the merits. *See* Fed. R. Civ. P. 15(c)(C)(i).

### II.    State law claims

The School of Mines argues that even if Ms. Hodges' proposed amended complaint does relate back, her state law claims are still time-barred because under South Dakota law, she did not

commence her state law claims against it within the statute of limitations period. (Doc. 25 at 227). Because Ms. Hodges' state law claims are untimely against the School of Mines, the School argues that it is futile to grant her leave to substitute the Board of Regents as a defendant in this matter. (Doc. 25 at 229) ("Ultimately, all her state claims against [the Board of Regents] are futile even if the proposed amendment does relate back.").

In this case, the Court has federal question jurisdiction and supplemental jurisdiction over Ms. Hodges' state law claims. Accordingly, South Dakota law governs when Ms. Hodges' state law claims commence for statute of limitation purposes. *See Appletree Square I. Ltd. Partnership v. W.R. Grace & Co.*, 29 F.3d 1283 (8th Cir. 1994) (concluding that if state law claims would be barred in state court, *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980) dictates that they should not be allowed to proceed in federal court; "it is the source of the right sued upon, and not the ground on which federal jurisdiction over the case is founded, which determines the governing law."). *Id.* at 1286. Under South Dakota law, it is the service of the summons—not the filing of the complaint—that commences an action. SDCL § 15-2-30.

Ms. Hodges' proposed amended complaint alleges five violations of South Dakota law; (1) sex discrimination in violation of SDCL § 20-13-10; (2) sex discrimination in violation of SDCL § 20-13-22; (3) retaliation in violation of SDCL § 20-13-26; (4) failure to pay wages in violation of SDCL § 60-11-9; and (5) retaliation in violation of SDCL § 60-11-17.1. Ms. Hodges' claims under SDCL Ch. 60-11 must be commenced within two years from the date the cause of action accrued. *See* SDCL § 15-2-15(c) (providing that "an action for wages regulated by either state or federal statute or for a penalty or liquidated damages for failure to pay wages regulated by either such state or federal statute" must be "commenced only within two years after the cause of action shall have accrued."). Ms. Hodges alleges that the School of Mines failed to pay her appropriate wages from November 2019 until March 2020. The School of Mines argues that Ms. Hodges needed to have commenced her claims under SDCL § 60-11-9 within two years of March 2020, but has failed to do so. (Doc. 25 at 228). The School of Mines asserts that it was served with Ms. Hodges' complaint on May 27, 2022—past the two-year limitations period.

The School of Mines argues that her claims under SDCL Ch. 20-13 are also barred by the statute of limitations. Any charge filed under SDCL Ch. 20-13 must "be filed within one hundred and eighty days after the alleged discriminatory or unfair practice occurred." SDCL § 20-13-31.

Ms. Hodges alleges in her charge of discrimination filed with the South Dakota Division of Human Rights and the United States Equal Employment Opportunity Commission that the discrimination took place between January 7, 2020 and June 19, 2020. (Doc. 18, Ex. 4). Ms. Hodges filed her charge of discrimination with both the South Dakota Division of Human Rights and the United States Equal Employment Opportunity Commission on March 10, 2021. (Doc. 18, Exs. 4-5). The School of Mines argues that because Ms. Hodges filed her charge of discrimination with the South Dakota Division of Human Rights more than 180 days after the alleged discrimination took place, any claims against the Board of Regents arising under SDCL Ch. 20-13 are time-barred. (Doc. 25 at 229).

Ms. Hodges contends that her state law claims relate back under SDCL § 15-6-15(c). As this Court stated in its opinion addressing the plaintiff's motion to amend in *Nettles v. Hilton Worldwide*, Civ. No. 4:18-4102, 2020 WL 7029948 (D.S.D. Nov. 30, 2020), requirements for relation back under SDCL § 15-6-15(c) and Fed. R. Civ. P. 15(c) are practically the same except that under the South Dakota rule, notice must be received within the limitations period, whereas under the Federal Rule as it was amended in 1991, the party to be substituted must have received notice of the institution of the action within the period for serving the summons and complaint under Fed. R. Civ. P. 4(m). 2020 WL 7029948, at *5-6. In the present case, it appears that Ms. Hodges' federal claims were timely commenced against the School of Mines because under federal law, federal claims commence upon filing of the complaint. By contrast, under South Dakota law, Ms. Hodges' state law claims did not commence until service of summons on the School of Mines. As discussed above, Ms. Hodges' wage claims under SDCL Ch. 60-11 accrued at the latest in March 2020 and she had until March 2022 to timely commence any claims arising under that statute. The School of Mines and its registered agent were served with the summons and complaint in this matter on February 2, 2022. (Doc. 3). However, in order to effectuate service upon the School of Mines under SDCL § 15-6-4(d)(5) and Fed. R. Civ. P. 4(j)(2)(A), (B), Ms. Hodges was required to serve the governor and attorney general. The School of Mines raised this issue in its Answer filed on March 3, 2022. (Doc. 8). The governor and attorney general were not served with the summons and complaint in this matter until May 27, 2022—after the expiration of the statute of limitations on Ms. Hodges' SDCL Ch. 60-11 claims. Because Ms. Hodges' claims arising under SDCL Ch. 60-11 were not commenced under South Dakota law within the statute of limitations, her claims are time-barred even if they relate back under SDCL § 15-6-15(c).

At first glance, it appears to the Court that Ms. Hodges' state law discrimination claims arising under SDCL Ch. 20-13 are also time-barred because her charge of discrimination relating to such claims was filed with the South Dakota Division of Human Rights beyond the 180-day statutory deadline. Ms. Hodges alleges in her charge of discrimination filed with the South Dakota Division of Human Rights and the United States Equal Employment Opportunity Commission that the discrimination took place between January 7, 2020 and June 19, 2020. (Doc. 18, Ex. 4). Ms. Hodges did not file her charge of discrimination with both the South Dakota Division of Human Rights and the United States Equal Employment Opportunity Commission until March 10, 2021. (Doc. 18, Exs. 4-5). Ms. Hodges did not address whether her state law discrimination claims are barred for failure to timely file her charge of discrimination. The Court will order that Ms. Hodges brief this issue if she decides to proceed on these claims.

## III.   Conclusion

The appropriate test in determining whether to grant a motion to amend is whether the claim to be asserted is futile. *See Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005). The Court denies Ms. Hodges leave to amend her complaint to substitute the Board of Regents as a defendant to her claims arising under SDCL Ch. 60-11 on the basis of futility.   Even if these claims relate back under SDCL § 15-6-15(c), they were untimely commenced against the School of Mines.   Relation back would thus provide no reprieve. If Ms. Hodges desires to proceed on her claims arising under SDCL Ch. 20-13, then she shall file a brief with the Court addressing whether her claims are time-barred for failure to file her charge of discrimination within 180 days after alleged discriminatory or unfair practice occurred.   With regard to Ms. Hodges' federal claims, the School of Mines has not met its burden in proving that on the face of the complaint, such claims are untimely. Ultimately, it will be Ms. Hodges' burden to prove that her claims against the Board of Regents relate-back under Rule 15(c) of the Federal Rules of Civil Procedure. The Court will allow the amendment and any discovery related to the statute of limitations issue.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's Motion to Amend (Doc. 16) is GRANTED IN PART AND DENIED IN PART as follows:
   a. DENIED as to Plaintiff's claims arising under SDCL Ch. 60-11;

      b.  GRANTED as to Plaintiff's claims arising under federal law.  Plaintiff may substitute the South Dakota Board of Regents as a defendant in Plaintiff's federal law claims; and

      c.  The Court will reserve judgment on Plaintiff's claims arising under SDCL Ch. 20-13.

2.  If Plaintiff decides to proceed against the Board of Regents on her claims arising under SDCL Ch. 20-13, she shall file a brief no later than 10 calendar days from the date of this order addressing whether her claims arising under SDCL Ch. 20-13 are time-barred for failure to file a charge of discrimination within 180 days of the alleged discrimination. Defendant shall have an additional 10 calendar days in which to file a response brief; and

3.  Plaintiff's Motion for Judgment on the Pleadings (Doc. 11) is DENIED with respect to all of Plaintiff's claims but for her FLSA claim.  The Court will reserve judgment on Plaintiff's FLSA claim.  Plaintiff shall file a brief no later than 10 calendar days responding to Defendant's argument that Plaintiff was a professionally exempt employee in 2019 and therefore not entitled to overtime pay.  Defendant shall have an additional 10 calendar days in which to file a reply brief.

Dated this ___ day of October, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

18