UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| TASHA HODGES,<br><br>              Plaintiff,<br><br>vs.<br><br>SOUTH DAKOTA SCHOOL OF MINES AND TECHNOLOGY,<br><br>              Defendant. | **CIV. 5:22-5011-LLP**<br><br>**MEMORANDUM OPINION AND ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING MOTION FOR RECONSIDERATION** |

Pending before the Court is Defendant South Dakota School of Mines and Technology's Motion for Judgment on the Pleadings on Plaintiff Tasha Hodges's Fair Labor Standards Act claim (Doc. 11) and Plaintiff's Motion for Reconsideration of the Court's denial of her motion to amend her complaint to add the Board of Regents as a defendant to her claim for retaliation arising under SDCL § 60-11-17.1 (Doc. 32). For the following reasons, Defendant's Motion for Judgment on the Pleadings is denied and Plaintiff's Motion for Reconsideration is granted.

## BACKGROUND

On January 28, 2022, Plaintiff Tasha Hodges ("Plaintiff") filed a complaint against Defendant South Dakota School of Mines and Technology ("Defendant") alleging the following claims: 1) sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a)(1); 2) sex discrimination in violation of Title IX of the Education Amendments of 1972, as amended, 42 U.S.C. § 2000e(a)(1); 3) sex discrimination in violation of SDCL § 20-13-22—Educational institutions' unfair or discriminatory practices; 4) sex discrimination in violation of SDCL § 20-13-10—Unfair or discriminatory practices; 5) retaliation under Title VII of the Civil Rights Act of 1964; 5) retaliation under SDCL § 20-13-26—Concealing, aiding, compelling, or inducing unlawful discrimination—Threats or reprisals; 6) a violation of the Fair Labor Standards Act, 29 U.S.C. § 203; 7) failure to pay wages owed in violation of SDCL § 60-11-9; and 8) retaliation and reprisal for complaints about wages in violation of SDCL § 60-11-17.1.

On May 12, 2022, Defendant filed a Motion for Judgment on the Pleadings. (Doc. 11). In support of its motion, Defendant argued that it lacked capacity to be sued under Rule 17(c)(3) of the Federal Rules of Civil Procedure and that the proper defendant in this matter was instead the South Dakota Board of Regents. (Doc. 12 at 64-65). Defendant argued that even if it were the proper party to this action, dismissal was appropriate based on Plaintiff's failure to effectuate proper service on it. (Doc. 12 at 64). Finally, Defendant argued that to the extent the Court found that Plaintiff properly served the correct party, her claim that Defendant violated the FLSA by its failure to pay her overtime in 2019 fails as a matter of law because the allegations in the complaint establish that she was a professionally exempt employee during that time frame. (Doc. 12 at 64).

On May 13, 2022, Plaintiff filed a Request for Summonses to the South Dakota School of Mines, a state institution under the control of the Board of Regents, care of the Attorney General and South Dakota Governor Kristi Noem. (Doc. 13). On May 23, 2022, new summonses were issued pursuant to Ms. Hodges' May 13, 2022 request. (Doc. 15). On May 27, 2022, Ms. Hodges filed a Motion to Amend/Correct Complaint and for an Extension of Time for Service of Process. (Doc. 16). The Governor and the Attorney General were served the summonses and complaint that same day—May 27, 2022. (Docs. 19, 20).

On May 27, 2022, Plaintiff moved to amend her complaint to substitute the South Dakota Board of Regents for the School of Mines as a defendant in this matter. (Doc. 16). Plaintiff argued that her claims against the Board of Regents relate back to the date the original complaint was filed under Federal Rule of Procedure 15(c) and are thus timely. (Docs. 16, 17). Defendant opposed Plaintiff's motion to amend on the basis of futility. (Doc. 25). Defendant argued that the statute of limitations had run on Plaintiff's claims and that her claims did not relate back to the date of the filing of the initial complaint. (Doc. 25 at 222).

On October 5, 2022, this Court issued a Memorandum Opinion and Order granting in part and denying in part Plaintiff's motion to Amend. (Doc. 30). The Court granted Plaintiff's motion to amend her complaint to add the Board of Regents as a defendant to her federal law claims, finding that such claims related back to the filing of her initial complaint. The Court denied Plaintiff's motion to amend her complaint to add the Board of Regents as a defendant to her claims arising under SDCL Ch. 60-11, finding that they were untimely under South Dakota law because service, rather the filing of the complaint initiates a lawsuit in South Dakota and service upon the

School of Mines had not been effectuated within the two-year statute of limitations applicable to wage claims. The Court reserved judgment on Plaintiff's motion to amend with regard to her claims arising under SDCL Ch. 20-13. The Court ordered that Plaintiff file a brief within ten days addressing whether her claims under SDCL Ch. 20-13 were time-bared for failure to file a charge of discrimination within 180 days of the alleged discrimination and allowed Defendant an additional 10 days in which to file a brief in response. In its Opinion, the Court denied Plaintiff's Motion for Judgment on the Pleadings with respect to all of Plaintiff's claims but for her Fair Labor Standards Act ("FLSA") claim and reserved judgment on this claim. The Court ordered that Plaintiff file a brief within 10 calendar days responding to Defendant's argument that Plaintiff was a professionally exempt employee in 2019 and therefore not entitled to overtime pay and permitting Defendant an additional 10 days in which to file a reply brief.

On May 15, 2022, Plaintiff filed her supplemental brief in response to the Court's Memorandum Opinion and Order. (Doc. 32). Therein, Plaintiff concedes that she failed to file a discrimination charge within 180 days in order to commence a SDCL Ch. 20-13 claim and agrees that dismissal of these claims is appropriate. (Doc. 32 at 278). Plaintiff also urges the Court to deny Defendant's Motion for Judgment on the Pleadings as to Plaintiff's FLSA claim, arguing that Defendant has failed to prove that based upon the allegations in the complaint, there are no material issues of fact regarding Plaintiff's exempt status. Finally, Plaintiff moves the Court to reconsider its order denying Plaintiff's motion to amend her complaint to add the South Dakota Board of Regents as a defendant to her retaliation claim arising under SDCL § 60-11-17.1.

Because Plaintiff concedes that dismissal of her SDCL Ch. 20-13 claims is appropriate, the Court will now address Defendant's Motion for Judgment on the Pleadings pertaining to Plaintiff's FLSA claim and Plaintiff's Motion to Reconsider the Court's opinion denying leave to amend to add the South Dakota Board of Regents as a defendant to her SDCL § 60-11-17.1 claim.

## DISCUSSION

### I.     FLSA Claim

Defendant has moved for judgment on the pleadings, arguing that Plaintiff's claim that Defendant violated the FLSA by its failure to pay her overtime in 2019 fails as a matter of law

because the allegations in the complaint establish that she was a professionally exempt employee during that time frame. (Doc. 12 at 64).

## A. Background

In her complaint, Plaintiff alleges she was employed by the School of Mines as a Research Scientist II ("RSII") in the Civil and Environmental Engineering Department ("the Department") from May 22, 2019 until June 19, 2020. (Doc. 1, ¶ 6). From May 22, 2019, until March 22, 2020, Plaintiff worked in the RSII position part-time. (Doc. 1, ¶ 6). Plaintiff started off as a salaried employee for a few months, but was then informed that she was not paid enough to be a salaried employee and was going to hourly pay and would need to enter her time on a timecard. (Doc. 1, ¶ 7). Plaintiff's hourly wage as an RSII was $27.50 per hour. (Doc. 1, ¶ 10).

Throughout Plaintiff's part-time employment, Plaintiff alleges that her supervisor, Bret Lingwall, told her that she should only enter 20 hours on her timecard, but still demanded that she work like a salaried employee. (Doc. 1, ¶ 7). Plaintiff alleges that during her employment as a RSII, she consistently worked well beyond the 20 hours per week for which she was paid, and often worked more than 40 hours per week. (Doc. 1, ¶ 9). Plaintiff alleges that over the week from Sunday October 20, 2019 to Saturday October 26, 2019, she worked 54.5 hours, but was not paid overtime for her hours above 40 as required under the FLSA. (Doc. 1, ¶ 15). Plaintiff alleges that Lingwall knew that she was working more than 40 hours that week yet required Plaintiff to report having worked only 20 hours. (Doc. 1, ¶ 17).

On March 24, 2020, Plaintiff was informed by HR that she was moving to fulltime employment. (Doc. 1, ¶ 28). Plaintiff alleges that she became a salaried employee at this time. (Doc. 1, ¶ 31).

In her complaint, Plaintiff alleges that Defendant's failure to pay her, when she was an hourly employee, earned wages and overtime for hours worked beyond 40 hours a week violated the Fair Labor Standards Act. (Doc. 1, ¶¶ 6, 77; *see also* 32 at 282-83). Defendant has moved for judgment on the pleadings, arguing that Plaintiff's 2019 FLSA claim fails as a matter of law because she was a professionally exempt employee under the FLSA at that time. (Doc. 12 at 70-73).

## B. Standard of Review

4

A court may grant a motion under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). When ruling on a motion for judgment on the pleadings, the court applies the same standard it would use when addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The Court must accept as true the facts in the complaint and draw all reasonable inferences in the favor of the nonmoving party. *Partridge v. City of Benton*, Arkansas, 929 F.3d 562, 564 (8th Cir. 2019).

When considering a motion for judgment on the pleadings, the court considers "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010) (citation omitted). In general, materials embraced by the pleadings include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health v. Best Buy Co., Inc.*, 858 F.3d 520, 526 (8th Cir. 2017); *see also Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) ("The contents of the Notice of Seizure and Intent to Forfeit Vehicle and the letter by Golden Valley's attorney that accompanied the notice were alleged in the complaint and thus necessarily embraced by the complaint. The contents of the separate letter from the Minnesota State Patrol were not alleged in the complaint" and thus constituted a matter outside the pleadings).

## C. Analysis

### 1. FLSA

"The purpose of the FLSA 'is to protect the rights of those who toil, of those who sacrifice a full measure of their freedom and talents to the use and profit of others.'" *Specht v. City of Sioux Falls*, 639 F.3d 814, 819 (8th Cir. 2011) (citation omitted). "It does so in part by setting forth substantive wage, hour, and overtime standards." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 11 (2011). This includes a provision establishing that no employee shall have a "workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

A plaintiff seeking relief under the FLSA bears the initial burden of proving an employer-employee relationship and that the activities for which recovery is sought "constitute employment for purposes of the Act." *Specht*, 639 F.3d at 819. If this burden is satisfied, the burden shifts to the employer to prove an exemption or exception to the FLSA's compensation requirements. *See id.* at 819-20. "When an employer contends it is exempt from the Act, the employer has the burden of establishing the exemption clearly and affirmatively." *Id.* (citation omitted).

"Courts should broadly interpret and apply the FLSA to effectuate its goals because it is 'remedial and humanitarian in purpose.'" *Id.* at 819 (citation omitted). However, the Court should not interpret FLSA exemptions narrowly. *Encino Motorcars, LLC v. Navarro*, 138 S.Ct. 1134, 1142 (2018). "Because the FLSA gives no textual indication that its exemptions should be construed narrowly, there is no reason to give them anything other than a fair (rather than a 'narrow') interpretation." *Id.* (cleaned up).

In the present case, Defendant argues that Plaintiff's allegations that she was not paid overtime in 2019 fail as a matter of law because the allegations in her complaint, accepted as true, demonstrate that she was a professionally exempt employee in 2019 and thus not entitled to overtime under the FLSA. (Doc. 12 at 70-73). The specific exemption upon which Defendant relies is set forth in 29 U.S.C. § 213(a), which states that overtime requirements "shall not apply with respect to . . . any employee employed in a bona fide executive, administrative, or professional capacity . . . ."

FLSA exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity. . . as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor]." *Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039, 1042 (8th Cir. 2020) (citing 29 U.S.C. § 213(a)(1)). A separate regulation governs each exemption. *Id.* (citing 29 C.F.R. § 541.100 (executive), § 541.200 (administrative), § 541.300 (professional). To establish an exemption in 2019—the time Plaintiff alleges she was denied overtime pay—Defendant must establish that Plaintiff's "primary duty" was the performance of exempt work, 29 C.F.R. § 541.700; that she was paid not less than the minimum salary level, § 541.600; and that she was paid on a "salary basis," § 541.602. *Id.*

Pursuant to 29 C.F.R. § 541.602, "an employee will be considered to be paid on a 'salary basis' within the meaning of this part if the employee regularly receives each pay period on a

weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." In 2019, an employer had to pay an employee a salary of at least $455 per week for the employee to qualify for the exemption. 84 F.R. 10900-01 (Mar. 22, 2019). The minimum salary was increased to $684 in January 1, 2020. 29 C.F.R. § 541.600.

### 2. Legal Analysis

Defendant contends that Plaintiff's complaint establishes that all the requirements have been met for Plaintiff to qualify as an exempt employee. (Doc. 12 at 71). The parties do not dispute that based on the allegations in Plaintiff's complaint that her primary duty while employed with the School of Mines was the performance of work "requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction," and thus, that Plaintiff was employed in a "professional capacity" as defined under 29 C.F.R. § 541.300(a). In their Motion for Judgment on the Pleadings, Defendant argues that Plaintiff's complaint also establishes that she was paid a minimum salary level on a salaried basis. Specifically, Defendant cites paragraph 13 of Plaintiff's complaint which alleges that she "received the same $2,383.33 paycheck for all pay periods between May 22, 2019, and December 1, 2019." (Doc. 12 at 71) (citing Doc. 1, ¶ 13). The $455 a week requirement is met if the employee is compensated monthly on a "salary basis of $1,971.66." *Estes v. Buell*, Civ. No. 4:18-00026-KGB, 2019 WL 1338396, at *6 (E.D. Ark. Mar. 25, 2019) (citing 29 C.F.R. § 541.600(b)) (2019)).

In court-ordered briefing, Plaintiff states that during 2019, she was paid on an hourly basis, not on a salaried basis. (Doc. 32 at 282-83). Plaintiff provides that the reason her paychecks were the same is because her supervisor, Brett Lingaman, instructed her to report having worked only 20 hours per week, even though she consistently worked more hours than that. (Doc. 32 at 282). In response, Defendant argues in its supplemental brief that Plaintiff's contract of employment provides that Plaintiff was an exempt employee. (Doc. 33 at 294). Defendant is of the position that the Court may consider this contract as being "embraced by the pleadings" in its analysis of its motion for judgment on the pleadings because Plaintiff references her contract several times in her complaint. (Doc. 33 at 295).

7

Contrary to Defendant's position, the Court is of the position that Plaintiff's contract of employment is not embraced by the pleadings. Although Plaintiff makes several references to the fact that her contract of employment was not renewed after she sent a letter to Human Resources detailing her issues with Lingwall, the contract is not attached to the complaint and nowhere in the complaint does she allege the contents of the employment contract. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) ("In general, materials embraced by the complaint include 'documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.'") (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)). Furthermore, the Court does not find that the employment contract is "integral" to Plaintiff's FMLA claim because nowhere in the complaint does she "rel[y] heavily upon its terms and effect." *See Rosa v. MiTek Inc.*, Civ. No. 4:21-00187, 2021 WL 5371251, at *3 (E.D. Mo. Nov. 18, 2021) (citing *States v. Strock*, 982 F.3d 51, 63 (2d Cir. 2020) (stating that "a document is 'integral' when the complaint 'relies heavily upon [the document's] terms and effect.'"); *Anglim v. Sharp Med. Staffing, LLC*, Civ. No. 8:21-0171, 2021 WL 4627873, at *2 (D. Neb. Oct. 7, 2021) (same). "Most courts . . . view 'matters outside the pleading' as including any written or oral evidence in support of or in opposition to the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." *Gibb v. Scott*, 958 F.2d 814, 816 (8th Cir. 1992). The Court therefore will not consider the employment contract in its analysis of Defendant's motion for judgment on the pleadings. Although Plaintiff alleges that she received the same amount each pay period during this time, she alleges that it was because she consistently worked 20 or more hours per week, but was only paid for her 20 hour part-time position. This does not, as argued by Defendant, necessarily mean that she was paid a predetermined amount. Because Plaintiff alleged she was paid on an hourly basis, it can be inferred that she was not guaranteed $2,383.33 if she had worked less than 20 hours a week. This is a factual dispute that precludes the Court from granting Defendant judgment as a matter of law on this claim.

## II.   Claim arising under SDCL § 60-11-17.1

### A. Background

In Plaintiff's supplemental briefing to the Court, she also moves the Court to reconsider its denial of her motion to amend her complaint alleging a claim arising under SDCL § 60-11-17.1

against the South Dakota Board of Regents. In her complaint, Ms. Hodges alleged that the School of Mines failed to pay her appropriate wages from November 2019 until March 2020 in violation of SDCL § 60-11-9 and retaliated against her for making a wage complaint in violation of SDCL § 60-11-17.1. Her proposed amended complaint sought to name the South Dakota Board of Regents rather the South Dakota School of Mines of Technology as a defendant to these claims. Defendant argued in opposition to Plaintiff's Motion to Amend that her claims arising under SDCL Ch. 60-11 were not timely commenced against the first-named defendant, the South Dakota School of Mines and Technology, and therefore did not relate back under South Dakota law.

In its Memorandum Opinion and Order dated October 5, 2022, the Court noted that Plaintiff's claims arising under SDCL Ch. 60-11 must be commenced within two years from the date the cause of action accrued. (Doc. 30) (citing SDCL § 15-2-15(3)) (providing that "an action for wages regulated by either state or federal statute or for a penalty or liquidated damages for failure to pay wages regulated by either such state or federal statute" must be "commenced only within two years after the cause of action shall have accrued."). For Plaintiff's SDCL § 60-11-9 claim alleging failure to pay wages, the Court found that Plaintiff's claim accrued on March 2020—the last date of Defendant's alleged failure to pay Plaintiff's due wages—and found that her claims thus needed to have commenced by March 2022 under the applicable statute of limitations. The Court noted that under South Dakota law, it is the service of the summons that commences the action, not the filing of the complaint. Because the governor and attorney general were not served with the summons and complaint in this matter until May 27, 2022, subsequent to the expiration of the statute of limitations on Plaintiff's SDCL § 60-11-9 claim, the Court concluded that Plaintiff's SDCL § 60-11-9 claim did not relate back and was untimely. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010) (stating that Fed. R. Civ. P. 15(c) govern when an amended pleading "relates back" to the date of a *timely* filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations.). In its order, however, the Court denied Plaintiff's motion to amend all claims arising under SDCL Ch. 60-11, without having separately analyzed the timeliness of Plaintiff's retaliation claim under SDCL § 60-11-17.1.

In her supplemental brief, Plaintiff urges the Court to reconsider its order denying Plaintiff's Motion to Amend her retaliation claim arising under SDCL § 60-11-17.1, arguing that

such claim was timely filed against the initially-named defendant and thus relates back under SDCL § 15-6-15(c).

### B. Standard of Review

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999)). "District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order." *Karg v. Transmerica Corp.*, Civ. No. 18-0134, 2019 WL 9093998, at *2 (W.D. Iowa Nov. 7, 2019). "Depending on the circumstances, motions for reconsideration may be properly analyzed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b)." *Id.* Rule 60(a) of the Federal Rules of Civil Procedure also allows a court to "correct a clerical mistake or a mistake arising from oversight or omission." Fed. R. Civ. P. 60(a). Plaintiff has not indicated under which Rule of Civil Procedure she has moved the Court for reconsideration.

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." *Allstate Ins. Co. v. Weber*, Civ. No. 1:05-000039-WRW, 2007 WL 1427598, at *2 (E.D. Ark. May 11, 2007). Pursuant to a Rule 54(b) motion to reconsider, an order that does not dispose of the case may be amended "to correct any 'clearly' or 'manifestly' erroneous findings of facts or conclusions of law." *Id.*; *see also Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). A motion for reconsideration under Rule 54(b), however, "is not a vehicle to identify facts or legal arguments that could have been, but were not, raised at the time the relevant motion was pending." *Julianello v. K-V Pharm. Co.*, 791 F.3d 915, 923 (8th Cir. 2015); *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1111 (8th Cir. 2019).

Rule 60(a) allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ.

P. 60(a). Rule 60(a) allows clerical mistakes to be corrected so that orders "reflect what the court originally intended." *In re Modern Textile, Inc.*, 900 F.2d 1184, 1193 (8th Cir. 1990).

The Court concludes that reconsideration of its October 5, 2022, Memorandum Opinion and Order denying Plaintiff's motion to amend to add the South Dakota Board of Regents as a defendant to its retaliation claim arising under SDCL § 60-11-17.1 is appropriate under either Rule 54(b) or Rule 60(a) of the Federal Rules of Civil Procedure. In her Complaint, Plaintiff alleged two claims arising under SDCL Ch. 60-11. First, Plaintiff alleged that the School of Mines failed to pay her appropriate wages from November 2019 until March 2020 in violation of SDCL § 60-11-9. Second, Plaintiff alleged that the School of Mines retaliated against her for making a wage complaint in violation of SDCL § 60-11-17.1. In its Opinion, the Court found that Plaintiff's wage claim under SDCL 60-11-9 was barred by South Dakota's two-year statute of limitations governing wage claims because she failed to serve the governor and attorney within this time. In its order, however, the Court denied Plaintiff's motion to amend all claims arising under SDCL Ch. 60-11, without having separately analyzed the timeliness of Plaintiff's retaliation claim under SDCL 60-11-17.1.

## C. Legal Analysis

Upon further review, the Court finds that its order dismissing all of Plaintiff's claims arising under SDCL Ch. 60-11 was manifestly in error and arose from the Court's oversight of facts relating to Plaintiff's SDCL § 60-11-17.1 claim. SDCL 60-11-17.1 proscribes "discharge, discriminat[ion], or engag[ing] in or threaten[ing] to engage in any reprisal, economic or otherwise, against any employee because the employee has made any complaint to the employer . . . that the employee has not been paid wages in accordance with this chapter . . . ." In her complaint, Plaintiff alleges that when she complained about not being paid earned wages and overtime, she suffered reprisal when she was issued a performance improvement plan on May 4, 2020, and when she was informed that her contract was not renewed on June 19, 2020.

Plaintiff argues that her SDCL § 60-11-17.1 claim is in essence a retaliatory discharge claim subject to a three-year statute of limitations applicable to personal injury actions. (Doc. 32 at 289 (citing SDCL § 15-2-14(3)). In South Dakota, "retaliatory discharge is a tort arising from a breach of public policy duties independent of the employment contract." *Tiede v. CorTrust Bank, N.A.*, 748 N.W.2d 748, 752 (S.D. 2008). Whether a party's termination violates South Dakota's

public policy is a question of law. *Niesent v. Homestake Mining Co. of Cal.*, 505 N.W.2d 781, 783 (S.D. 1993). "Substantial public policies are 'found in the letter or purpose of a constitutional or statutory provision or scheme, or in a judicial decision.'" *Semple v. Fed. Express Corp.*, 566 F.3d 788, 792 (8th Cir. 2008) (quoting *Niesent*, 505 N.W.2d at 783). The South Dakota Supreme Court has recognized a breach of public policy where the employer terminates an employee for: (1) refusing to commit a criminal or unlawful act; (2) filing a worker's compensation claim; and (3) whistleblowing that promotes the public good. *Stathis v. Marty Indian Sch. Bd. Inc.*, 560 F.Supp.3d 1283, 1302-03 (D.S.D. 2021) (Lange, J.) (citing *Dahl v. Combined Ins. Co.*, 621 N.W.2d 163, 166-67 (S.D. 2001)). The South Dakota Supreme Court has not addressed whether retaliation for making a wage claim violates public policy and constitutes a common law retaliatory discharge claim under state law. Courts of other jurisdictions are divided on this issue. *Compare Pierkarski v. Home Owners Sav. Bank, F.S.B.*, 956 F.2d 1484, 1493 (8th Cir. 1992) (concluding that Minnesota courts have not recognized a common law action for retaliatory wage discrimination because it duplicates a statutory claim), *and Lisak v. Great Masonry, Inc.*, Civ. No. 08-1930, 2009 WL 855952, at \*2 (N.D. Ill. Mar. 30, 2009) (noting that Illinois courts have ruled that retaliatory discharge actions could not be based on the policy contained in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*), *with Campbell v. Husky Hogs., L.L.C.*, 255 P.3d 1, \*\*7 (Kan. 2011) (finding a common-law retaliatory discharge claim when an employer fires a worker who seeks to exercise his Kansas Wage Payment Act rights by filing a wage claim), *and Tullis v. Merrill*, 584 N.W.2d 236, 239 (Iowa 1998) ("We now hold that Iowa Code chapter 91A plainly articulates a public policy prohibiting the firing of an employee in response to a demand for wages due under an agreement with an employer.").

The Court need not decide whether the 3-year statute of limitations applicable to personal injury actions or the two-year statute of limitations applicable to wage claims applies to Plaintiff's claim under SDCL § 60-11-17.1. Plaintiff's complaint asserts that Defendant was guilty of the non-payment of wages in two distinct ways: the failure to pay proper wages when her hours exceeded 20 hours per week, and the failure to pay overtime when her hours exceeded 40 hours. Plaintiff's complaint asserts that when she complained about these two violations, Defendant retaliated against her when, among other things, it informed her on June 19, 2020, that it would not be renewing her contract. Plaintiff's retaliation claim thus accrued on June 19, 2020. It is undisputed that Plaintiff served her summons and complaint on the attorney general and governor

on May 27, 2022—within both the two year statute of limitations period applicable to wage claims and the three-year statute of limitations period applicable to personal injury actions. The Court's dismissal of this claim was based on its inadvertent oversight of the facts alleged in Plaintiff's complaint pertaining to her retaliation claim under SDCL § 60-11-17.1.

Accordingly, it is hereby ORDERED:

1. that Defendant's Motion for Judgment on the Pleadings (Doc. 11) is DENIED; and

2. that Plaintiff's motion for reconsideration/motion to correct order (Doc. 32) is GRANTED; Plaintiff may amend her complaint to allege a claim arising under SDCL § 60-11-17.1 against Defendant Board of Regents.


Dated this 21st day of December, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

13